IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RITA L. OSWALD,                               6:12-cv-00160 RE

           Plaintiff,                     **OPINION AND ORDER**

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

**REDDEN**, Judge:

Plaintiff Rita Oswald ("Oswald") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

/ / /

1 - OPINION AND ORDER

## BACKGROUND

Oswald was born in 1960, and filed her application for DIB benefits in January 2009. She has some college education, and has worked as a sales service specialist in a bank, as a clerical assistant, and as a customer services representative. Tr. 67-68. Oswald alleges disability since April 27, 2007, due to "back and pelvic conditions, [p]ain, [t]orn pubic synthesis muscle holding front pubic bones together." Tr. 176. Her application was denied initially and upon reconsideration. A hearing was held in December 2010. The Administrative Law Judge ("ALJ") found her not disabled. Oswald's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Oswald had the medically determinable severe impairments of lower back fusion at L4-5, hernia repair, depression, and anxiety. Tr. 18.

The ALJ found that Oswald's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The ALJ determined that Oswald retained the residual functional capacity ("RFC") to perform a limited range of light work, with no climbing ladders, ropes, or scaffolds, only occasional climbing of ramps and stairs, occasional stooping, kneeling, crouching and crawling, no exposure to hazards, and limited to short, simple tasks. Tr. 20.

The ALJ found Oswald was not disabled because she could perform her past relevant work as a clerical assistant. Tr. 25. In the alternative, the ALJ found that Oswald was able to perform other work, including the representative occupations of office helper, mail sorter, and assembler of printed products. Tr. 26.

2 - OPINION AND ORDER

The medical records accurately set out Oswald's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Oswald contends that the ALJ erred by: (1) finding her less than fully credible; and (2) improperly determining her RFC.

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282.

Oswald testified that she has severe pain in her back and pelvis. Tr. 52-54. The pain impairs her ability to sit, stand, walk, lift, and carry. Tr. 55-57. The ALJ found Oswald's allegations as to the intensity, persistence and limiting effects of her symptoms not credible to the extent that they are inconsistent with the RFC.

The ALJ noted that Oswald's treating orthopedist, Jeffrey Bert, M.D., indicated in June 2007 that Oswald had no back pain and her hip pain had resolved. Tr. 21, 256. Dr. Bert reviewed x-rays of Oswald's hips and pelvis, but did not diagnose an orthopedic problem. Tr. 21, 258. Bone scans were unremarkable. Tr. 22, 267. Dr. Bert concluded that Oswald's pain did not come from her back. Tr. 278.

///

///

4 - OPINION AND ORDER

The ALJ cited the opinion of Terrence Bach, M.D., Oswald's primary care physician. Tr. 21. Dr. Bach told Oswald's insurance company that Oswald's pain was subjective and he could find no source for it. Tr. 21, 455. Dr. Bach stated that the location of Oswald's pain changes and does not appear to be related to her prior surgeries. *Id.* Dr. Bach was not able to provide specific, reproducible findings that indicated a functional impairment.

The ALJ properly noted that Oswald had a conservative course of treatment. Tr. 22. Oswald reported to examining physician Raymond P. Nolan, M.D., in October 2009, that she took no medication for chronic back pain. Tr. 23, 495. Oswald testified at the December 2010 hearing that she took up to 12 Advil per day for pain. Tr. 23, 49.

The ALJ properly found that Oswald's inconsistent reports to her medical providers undermined her credibility. Tr. 22-23. The ALJ noted that Oswald reported chronic left knee pain, with difficulty climbing stairs or hills, to Dr. Nolan, though there is no other report of knee pain in the record.

The ALJ articulated clear and convincing reasons to find Oswald less than fully credible.

## II. Residual Functional Capacity

Social Security Ruling ("SSR") 96-8p, entitled "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims," addresses assessment of a claimant's RFC. SSR 96-8p (available at 1996 WL 374184). The Ruling defines the RFC assessment and instructs the ALJ to make findings in construing a claimant's RFC. The Ruling also instructs the ALJ to consider "all relevant evidence" in making RFC findings, and to address the claimant's exertional and nonexertional capacity. *Id.* at *5-6.

5 - OPINION AND ORDER

A claimant's RFC is an assessment of what a claimant can do in a work setting despite her mental or physical impairment. Here, the ALJ found Oswald capable of performing a modified range of light work.

The ALJ found at step four that Oswald could perform her past relevant work as a clerical assistant. Tr. 25. Oswald contends that this work was precluded by her residual functional capacity because the *DOT* defines this position as a semi-skilled job. Assuming Oswald was unable to perform her past relevant work, any error at step four was harmless because the ALJ properly found her not disabled at step five. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012).

At step five, the ALJ asked the vocational expert to assume a person of Oswald's age, education, work experience, and residual functional capacity. Tr. 72-73. The vocational expert testified that such a person would work as an office helper or mail sorter, both of which are unskilled, light work. The vocational expert opined that such a person could also work as an assembler of printed products, which is unskilled, sedentary work. Tr. 76-77.

Oswald argues that her residual functional capacity for short, simple tasks precludes her ability to perform any occupation with a General Educational Development reasoning level of two or three.

The indicated components of the *Dictionary of Occupational Titles ("DOT")* are "definitional trailers" accompanying each entry in the *DOT.* They outline a one to six scale corresponding to reasoning levels required for a particular job. *DOT* App'x C (4th ed. 1991)(*available at* 1991 WL 688702). The *DOT* defines "level two reasoning" as: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.

6 - OPINION AND ORDER

Deal with problems involving a few concrete variables in or from standardized situations." *Id.* This language addresses "instructions," is limited to problems involving "few concrete variables," and is thus logically consistent with an ability to carry out simple "tasks." *See Abew v. Astrue,* 303 Fed. Appx. 567 (9th Cir. 2008)(unreported)(finding "simple" tasks consistent with level-two reasoning).[1] Further, this court has specifically found that a claimant limited to simple, routine tasks may perform level-two reasoning. *Koch v. Astrue* (available at 2009 WL 1743680 at *17)(D. Or. July 12, 2011). Both the office helper and assembler of printed product jobs are reasoning level two. The ALJ did not err by finding Oswald retained the residual functional capacity to perform simple tasks that require reasoning level two.

Oswald argues that the ALJ erred by failing to include limitations arising from frequent crying episodes, and that the vocational expert testified that frequent crying would preclude employment. Oswald does not point to medical evidence of frequent crying, but did cry frequently during the hearing. The ALJ properly noted the opinion of consultative examiner Gail Wahl, Ph.D., who found Oswald had good social interactiona nd adaptive skills, and adequate concentration and persistence. Tr. 24, 492. The ALJ noted Oswald's decision not to pursue recommended counseling, and her testimony that she did not want counseling but was sad because she did not have a job. Tr. 24-25, 526, 51.

/ / /

/ / /

---

[1] Cited in accordance with 9th Cir. R. 36-3, which allows citations to unpublished cases promulgated after 2007. 9th Cir. R. 36-3. The Ninth Circuit reached a similar conclusion in *Temple v. Callahan,* 114 F.3d 1195 (9th Cir.1997)(unreported), but that case cannot control under Cir. R. 36-3.

7 - OPINION AND ORDER

## CONCLUSION

For these reasons, the ALJ's decision that Oswald is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 7* day of January, 2013.

                                              _____
                                              JAMES A. REDDEN
                                              United States District Judge